**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2243**

CLAUDIA LORENA COTO-DE GARRIDO, a/k/a Claudia Coto, a/k/a Claudia
Coto Hernandez; W.R.G.,

      Petitioners,

      v.

ROBERT M. WILKINSON, Acting Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 2, 2021              Decided: February 22, 2021

Before NIEMEYER, AGEE, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Daniel Christmann, CHRISTMANNLEGAL, Charlotte, North Carolina, for Petitioners.
Joseph H. Hunt, Assistant Attorney General, John S. Hogan, Assistant Director, Robbin K.
Blaya, Trial Attorney, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claudia Lorena Coto-De Garrido (Garrido) and her minor son, W.R.G.,[1] natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's decision denying Garrido's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2] We have reviewed the record, including the transcript of the merits hearing and all supporting evidence, in conjunction with the parties' arguments and relevant authorities. We discern no legal error in the agency's holding that Garrido did not advance a cognizable "particular social group." *See Amaya-De Sicaran v. Barr*, 979 F.3d 210, 215-18 (4th Cir. 2020) (affirming Board's holding that petitioner's proposed social group—"married El Salvadoran women in a controlling and abusive domestic relationship"—was not legally cognizable (internal quotation marks omitted)). Further, the record evidence does not compel a ruling contrary to any of the relevant factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and substantial evidence supports the holding that Garrido failed to establish a nexus between a statutorily protected ground and the claimed past persecution or feared future persecution.

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Garrido* (B.I.A. Oct. 2, 2018). We dispense with oral argument because the facts

---

[1] WRG was a derivative asylum applicant. *See* 8 U.S.C. § 1158(b)(3).

[2] Garrido's brief is silent as to the denial of protection under the CAT. Thus, this issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waived the issue).

2

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*